United States District Court
Southern District of Texas
**ENTERED**
August 07, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **KERIN ROMERO VASQUEZ, *et al.*,** | § | |
| | § | |
| **Petitioners,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01238** |
| | § | |
| **WARDEN DC COLE ICE,** | § | |
| | § | |
| **Respondent.** | § | |

## ORDER

Pending before the Court is Respondents' Motion to Stay Order of Release. (Dkt. 13). Respondents ask that the Court stay its order granting habeas relief pending appeal. (*Id.* at 1.) Respondents argue that because the Fifth Circuit issued a published order staying the grants of habeas relief in three consolidated cases in *Sosnava Rodriguez v. Ortega*, 2026 WL 2104747 (5th Cir. July 21, 2026) the Court is obligated to stay its order and final judgment in the instant case, which granted Petitioner's petition based on his as-applied due process claim. (Dkt. 13 at 1–4.)

"Different Rules of Procedure govern the power of district courts and courts of appeals to stay an order pending appeal." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (citing Fed. R. Civ. P. 62(c); Fed. R. App. P. 8(a)). In *Hilton v. Braunskill* the Supreme Court analyzed the standard that applies to a motion to stay in the context of determining whether to release a state prisoner pending appeal of a district court order granting habeas relief and recognized that "the factors regulating the issuance of a stay are generally the same: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* (citations omitted).

The movant bears the burden of showing that a stay pending appeal is warranted. *Nken v. Holder*, 556 U.S. 418, 434 (2009).

The Fifth Circuit has also recognized that where a district court has granted injunctive relief and a party seeks a stay of the district court's order pending appeal, the movant must "present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in favor of granting the stay." *Vapor Tech. Ass'n v. Graham*, 167 F.4th 302, 305 n.10 (5th Cir. 2026). "The stay procedure of Fed. R. Civ. P. 62(c) and Fed. R. App. P. 8(a) affords interim relief where relative harm and the uncertainty of final disposition justify it. Of course, if the balance of equities (i. e. consideration of the other three factors) is not heavily tilted in the movant's favor, the movant must then make a more substantial showing of likelihood of success on the merits in order to obtain a stay pending appeal." *Ruiz v. Estelle*, 650 F.2d 555, 565–66 (5th Cir. 1981).

Here, the Court finds that all four stay factors weigh against Respondents. First, Respondents have not met their burden to show that they are likely to succeed on the merits that Petitioner's detention was lawful because the only argument that they raise is that the stay issued in *Sosnava Rodriguez* requires the Court to stay or deny Petitioner's due process claim because this case "is materially indistinguishable." (Dkt. 13 at 2–3.) At the outset the Court agrees that the Fifth Circuit's order granting the stay is a "published order [that] is binding on this Court." *Camacho v. Dep't Homeland Security*, 2026 WL 2137156, at *2 & n.2 (W.D. Tex. July 24, 2026) (citing 5th Cir. R. 47.5). However, as the Court previously recognized, the Fifth Circuit's order granting the stay was issued without analysis, leaving it properly to the district courts to interpret its scope and effect on pending cases. (*See* Dkt. 12 at 2 n.1.) For example, the district court in *Camacho* determined that the stay only precluded other district courts from granting any habeas

petitions based on a facial challenge to 8 U.S.C. § 1225(b)(2). 2026 WL 2137156, at *2–3 (analyzing the motion for stay of the district court judgments in *Sosnava Rodriguez* and finding that the Fifth Circuit's order granting a stay mandates that "[l]ower courts refrain from granting habeas relief to petitioners detained under Section 1225(b)(2)(A) based on any facial unconstitutionality principles.").

The Fifth Circuit's stay is not a ruling on the merits of the procedural due process questions raised by *Sonova Rodriguez*, nor does it require the Court to stay or deny all independent as-applied due process challenges brought by noncitizen petitioners. *See, e.g., Camacho*, 2026 WL 2137156, at *2–3; *Guerra Estrada v. Ybarra*, 2026 WL 2168090, at *1–2 (W.D. Tex. July 28, 2026) ("This Court declines to infer directives of constitutional magnitude from the Fifth Circuit where none have been given. Doing so would require this Court to halt *any action* in the hundreds of habeas cases filed by noncitizens detained under Section 1225(b)(2)(A) based on mere speculation of what the *en banc* court will decide and add to the case backlog and volume district courts are already facing."); *Perozo-Mata v. Blanche*, 2026 WL 2195373, at *3 (S.D. Tex. July 27, 2026); *Rodriguez v. Blanche*, 2026 WL 2221493, at *14 (W.D. Tex. Aug. 3, 2026); *Tiquiram-Us v. Dilley Immigr. Processing Ctr.*, 2026 WL 2242499, at *1 (W.D. Tex. July 31, 2026). Therefore, Respondents have not carried their burden to show that they are likely to succeed on the merits that Petitioner's detention is lawful. The Court reiterates that based on the facts of Petitioner's case, Petitioner's detention under 8 U.S.C. § 1225(b)(2) was unlawful based on Petitioner's meritorious as-applied due process claim, and the Court finds that the first factor ways against Respondents.

Similarly, where Petitioner's detention was found to be in violation of his due process rights the Court has found that the appropriate remedy is Petitioner's release from detention, and there is no indication that Petitioner's release causes the Government irreparable harm or

substantial injury. *Cf. BST Holdings, L.L.C. v. Occupational Safety & Health Admin.*, 17 F.4th 604, 618 (5th Cir. 2021) (citation omitted) ("the loss of constitutional freedoms 'for even minimal periods of time . . . unquestionably constitutes irreparable injury.'"). Finally, the balance of equities and public interest tilt sharply in favor of denying the Government's motion; critically, "[t]here is generally no public interest in the perpetuation of unlawful agency action." *Louisiana v. Biden*, 55 F.4th 1017, 1035 (5th Cir. 2022) (quoting *State v. Biden*, 10 F.4th 538, 560 (5th Cir. 2021) (per curiam)); *see also Def. Distributed v. U.S. Dep't of State*, 838 F.3d 451, 458 (5th Cir. 2016) (noting that the protection of constitutional rights is ordinarily of the highest public interest). Accordingly, Respondents have not carried their burden of showing that a stay pending appeal is warranted.

After careful consideration, Respondents' Motion to Stay Order of Release, (Dkt. 13), is **DENIED**.

IT IS SO ORDERED.

SIGNED this August 7, 2026.



Diana Saldaña
United States District Judge